CHARLES F. BUTTON v. ROBERT TRADER AND WILLIAM KULASZWICZ.

*Vendor and vendee—Retention of title as security—Confirmation of sale—Garnishment—Negotiable paper.*

1. A vendor who retains the title on a sale of personal property until paid for makes such sale *absolute* by electing to take judgment against his vendee for the unpaid purchase money.

2. A justice of the peace is not authorized to render judgment in a garnishee suit, based *solely* upon an answer admitting an indebtedness upon a note overdue at time of garnishment, and which third parties claim to be *bona fide* purchasers of, before maturity *and for value.*

Error to Gogebic. (Williams, J.). Argued April 5, 1889. Decided June 21, 1889.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*C. F. Button,* in *pro. per.,* for appellant.

*M. M. Riley,* for defendants.

MORSE, J. This suit was commenced in justice's court upon the following promissory note:

"$150.00. BESSEMER, February 28, 1887.
"Twenty days after date we promise to pay to Fred Strub or order one hundred and fifty dollars, value received, at bank of Bessemer, Mich. ROBERT TRADER & Co."

It was indorsed on the back by the payee, Fred Strub.

The defendants constituted the firm of Robert Trader & Co.

The defendants pleaded the general issue, and gave notice of their defense under the same to be—

"1. That all the indebtedness of the defendants to plaint-

iff on the matters in controversy was garnished before W. J. Haggerson, justice of the peace, at the suit of *Edward Donally v. Fred Strub,* and the money paid into the hands of said justice, and a discharge given defendants therefor.

"2. That said note was given by defendants to Strub for purchase money of personal property sold by Strub to said Trader & Co., and that the title to said personal property was not at the time of such sale in said Strub as he represented, and that said note was given without consideration, and. void.

"3. That plaintiff is not a *bona fide* purchaser of said note for value and before due.

"4. That said plaintiff is an attorney and counselor at law, and purchased said note contrary to the laws of the State of Michigan, in such cases made and provided."

The defendants had judgment in justice's court, and, on appeal to the circuit court for the county of Gogebic, they again prevailed.

Upon the trial in that court the plaintiff introduced the note, and rested his case.

The defendants then gave evidence tending to show that, on or about the day the note was made, Robert Trader & Co. bought of Fred Strub a stock of meats and a meat-market outfit. Strub was then in possession and claimed to own the whole of the property. They paid him $300, the note in suit being part of said payment.

Possession of the property was given to the defendants, but afterwards they were notified by one Edward Donally that he was the owner of one-half of the same. Donally brought suit against Strub, and made Robert Trader & Co. garnishee defendants. They paid the amount of the note in suit to Donally, who threatened to take the property if they did not do so, and after such payment Donally recognized defendants as the sole owners of the property.

It appeared from the testimony of Donally, who was sworn as a witness on behalf of the defendants, that, before the sale by Strub to defendants, he had sold his half interest to Strub, but upon condition that the title should remain in

Donally until he was paid for such half. When Strub sold to defendants he owed Donally $150 on the goods.

Donally commenced suit in justice's court against Strub, March 21, 1887. On the same day summons in garnishment was issued against Howell & Riley, in whose hands Trader & Co. had placed the money to pay this note. Donally recovered judgment against Strub, March 30, 1887, for $300. This judgment was never appealed from, and is in force.

The garnishee proceedings against Howell & Riley were not pressed, and they paid the money in their hands back to Trader & Co.

April 7, 1887, Trader & Co. were garnished in the same suit by Donally. On the return day Trader & Co. answered, and soon thereafter paid the amount of the note to the justice before whom the suit against Strub and the garnishment proceedings were commenced, who paid the same to Donally.

The garnishee proceedings were not relied upon by the defendants at the trial in the circuit, and the circuit judge put the case to the jury upon two propositions:

1. To find whether or not Strub owned the whole of the property at the time he sold it to the defendants. If he did, then the plaintiff should recover.

2. If they found that the title was to remain in Donally of one-half of the property until it was paid for, and it had not been paid for by Strub as testified by Donally, then the plaintiff could not recover, unless he showed that he was a *bona fide* purchaser of the note for value, and before due.

As to the second proposition there was a conflict in the evidence.

The plaintiff insisted in the court below, and this is his point here, that when Donally sued Strub for the amount due him on the purchase price of his half interest, and garnished the money set apart by Trader & Co. to pay this note, and subsequently garnished Trader & Co., the defendants in this

suit, for the purpose of holding the money owing by them to Strub upon his sale to them and on the note in this suit, he (Donally) affirmed the sale by Strub to the defendants, and never afterwards could repudiate it; and that, therefore, it made no difference whether plaintiff had notice, before he bought the note, of Donally's claim or not, and a verdict should have been directed for the plaintiff for the full amount of the note and interest.

We think the plaintiff is right. Donally, when he found the property passed by Strub as his own to the defendants, if his claim as testified to by him was correct, had two courses open to him to pursue.

He could have taken measures to recover his property of the defendants, or he could have affirmed the sale of Strub to them, and looked to Strub for the value of his property.

He chose the latter course. He elected to pursue his remedy against Strub, and now has a judgment against him, not only for the full amount of his interest in the property, but for all that Strub then owed him on any account. Having thus elected to confirm the sale of the property by Strub to the defendants, and having recovered a judgment for the value of his interest in the same against Strub, which is now in force, the property was thereby secured in the defendants, and the consideration for the note became a good one. Having elected to place his remedy against Strub, he cannot now turn round, repudiate such election, and maintain a claim to the property. *Thompson v. Howard,* 31 Mich. 309; *Nield v. Burton,* 49 Id. 53 (12 N. W. Rep. 906); *Wetmore v. McDougall,* 32 Id. 276; *Dunks v. Fuller,* Id. 242; *Farwell v. Myers,* 59 Id. 179, 183 (26 N. W. Rep. 328).

The payment by the defendants of the amount of this note to Donally was a voluntary one, and cannot help them any in this case.

On the return-day of the garnishee summons, Robert Trader, one of the defendants, appeared and answered,

but his answer was such that the justice would not have been authorized in rendering a judgment against them upon it. Trader answered that the defendants were owing upon this note to Strub, but that the note was overdue at the time of the garnishment, and—

"That the firm of Button & Scanlin, attorneys at Bessemer, Mich., claim to have an assignment of said note, and that they purchased the same for value and in good faith before due, and claim the money thereon."

Without any further or other proceedings than this answer, they paid the money to the justice, who paid it to Donally,

The jury, under the facts as shown upon the trial in the court below, should have been directed to find a verdict for the plaintiff.

The judgment must be reversed, and a new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.