## YOUNG *v.* PHILLIPS.

1. SALES—RESERVATION OF TITLE—ACTION TO RECOVER THE DEBT. When the absolute title to personal property sold on contract is reserved, retention thereof by the vendor is inconsistent with an action to recover the debt.

2. SAME—CONDITIONAL SALE—RESERVATION OF TITLE AS SECURITY. Where plaintiff received $250 and notes for $500 to be paid at the rate of $100 a month for the purchase of an automobile, and the contract of sale contained a clause that "the title to said property and right of possession thereto shall be and remain in said first party until said sum of $750 and interest and any judgment rendered therefor shall be paid in full," *held*, that the title to the automobile was reserved as security merely, and did not amount to an absolute reservation of title in the vendor.

3. SAME — CHATTEL MORTGAGES — RECORDING CONTRACT — VOID AS AGAINST CREDITORS. A contract for the sale of an automobile reserving title in the vendor as security merely, which was never filed with the city clerk in conformity with the terms of section 11988, 3 Comp. Laws 1915, providing for the filing of chattel mortgages, was absolutely void as against creditors of the mortgagor or person giving the security.

Error to Wayne; Davis, J., presiding. Submitted June 4, 1918. (Docket No. 13.) Decided July 18, 1918.

Replevin in justice's court by Mathew A. Young against Andrew T. Phillips and another for the possession of an automobile. There was judgment for defendants, and plaintiff appealed to the circuit court. Judgment for defendants. Plaintiff brings error. Affirmed.

*Barbour, Field & Martin,* for appellant.

*Welsh, Bebout & Kahn,* for appellees.

KUHN, J.  In this suit it is sought by replevin to recover possession of an automobile upon which the defendant Phillips, as constable, levied an execution on a judgment in favor of the defendant  the Detroit Free Press, and against one Charles E. Smith.  The judgment was for $222.98 and $1.75 costs.  The plaintiff, on the same day that the constable took possession of the automobile under the execution, made a demand on him for possession, which was refused.  The plaintiff thereupon commenced this suit before a justice of the peace, and appealed from his judgment to the circuit court, where a judgment was entered for the defendants.

It is the contention of the plaintiff that on April 21, 1917, he sold the automobile in question, which is a Mitchell roadster, to Smith for $850, and that on August 9, 1917, he, through his agent, traded with Smith a Mitchell touring car, valued at $750, for said roadster, and that said roadster was delivered to him at his place of business in Detroit and remained in his possession until later in the same day, when he, through his agent, sold the roadster to Smith for $750 on what it is claimed was a conditional sale contract. This contract was in terms as follows:

"This agreement, made this 9th day of Aug., A. D. 1917. by and between Mathew A. Young, 754-756 Woodward ave., Detroit, Mich., of the first part, and Mr. Chas. E. Smith, 698 Cass avenue, of the second part, witnesseth:

"*First.* That said first party shall and will sell to said second party the following described property, to wit:  One Mitchell 6 of 17 No. 67770 Roadster, upon and after full payment therefor by said second party of the sum of $750.00 dollars, with interest, at the rate of six per cent. per annum, in the manner following......................dollars upon the execution and delivery of this agreement, and $250.00 to be paid in one note and the balance of $500.00 to be paid

in notes at the rate of $100.00 per month. Notes given as collateral security, with interest as above mentioned.

"*Second.* That said party shall and will pay for said property said sum of $750.00 dollars and interest, at the time and manner above mentioned, at........ ..................in the said city of Detroit, Mich.

"*Third.* That the title to said property and right of possession thereto, shall be and remain in said first party until said sum of $750.00 dollars and interest, and any judgment rendered therefor shall be paid in full.

"*Fourth.* That in case of default in any of the payments of principal or interest, when due as above specified, the said first party shall thereupon forthwith have the right to declare this contract at an end, and to take immediate possession of said above described property, and in such case, the said property, as well as all payments of principal or interest which shall have been made hereon, shall belong to and be retained by said first party as liquidated damages for nonperformance of this contract on the part of said second party and for use of and injury to said property.

"*Fifth.* That said second party shall not sell, transfer or dispose of above described property without the written consent of the first party.

"*Sixth.* The said second party further agrees that during the life of this contract, and until fully paid and satisfied to insure the above described property against fire and theft to the amount of $750.00, loss, if any, to be paid to the first party as his interests may appear.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"M. A. Young          (Seal)
"Mutchler
"Charles E. Smith. (Seal)."

On the trial the plaintiff was permitted to submit testimony tending to show that this contract was what it purported to be, and that it was not intended as security. Defendants introduced testimony tending to show that the instrument was not a conditional sale

contract, but was security, and this special question was submitted to the jury by the court, the jury finding that the contract was taken as security and not as a conditional sale.

The defendants on the trial called Mr. Mutchler, who signed the sales contract as plaintiff's agent, under the statute for cross-examination as an adverse witness and obtained from him an admission that he had testified on the trial before the justice of the peace that the so-called conditional sale contract for the roadster was taken by the plaintiff as security for the payment of the purchase price of the touring car and that he had since learned that he was mistaken in so testifying. It is the principal contention of the appellant's counsel in this court that there was absolutely no evidence that the so-called conditional sale contract was taken as security, but on the contrary that the evidence was that it was a conditional sale as it purports to be, and that the testimony of Mr. Mutchler in support of the defendant's theory could only be admissible for impeachment purposes and had no other effect as evidence. In our opinion it becomes unnecessary to discuss the question of the admissibility of the testimony of Mutchler, or its effect, as from an examination of the contract of sale it appears that the title to the property was reserved to the vendor as security merely and that the conditions therein did not amount to an absolute reservation of title in the vendor. In the recent case of *Atkinson* v. *Japink,* 186 Mich. 338, this court, speaking through Mr. Justice OSTRANDER, said, with reference to this legal question:

"An examination of our own and of the decisions of other courts leads to the conclusion that they sustain, in the main, two propositions: *First,* that when the absolute title is reserved, retention thereof by the vendor is inconsistent with an action to recover the debt."

It will be unnecessary to refer to the second proposition for the purposes of this case. An examination of the third clause of the contract here in question shows that it was the intention of the parties that an action might be brought to recover the debt and that the title to the property might still remain in the vendor to secure the payment of the debt, because it says in terms that:

"The title to said property and right of possession thereto, shall be and remain in said first party until said sum of $750.00 dollars, and interest, and any judgment rendered therefor shall be paid in full."

See, also, the recent case of *Luce* v. *Stott Realty Co.*, 201 Mich. 587.

The court might, therefore, very well have directed the jury that the contract in question showed that the title to the property was retained in the vendor simply for security, and have thus determined the very question which was submitted to the jury to determine under the special question, against the contention of the plaintiff and appellant. It being admitted that the contract, which we hold was taken as security, was never filed with the city clerk of the city of Detroit, it became absolutely void as against creditors of the mortgagor or the person giving the security, by virtue of the terms of section 11988, 3 Comp. Laws 1915.

Being, therefore, of the opinion that the defendant Phillips had a right to levy upon the property and was rightfully in possession thereof, it follows that the judgment must be, and is hereby affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.