## OWEN & CO. *v.* KELLER.

SALES — CONDITIONAL SALE — RESERVATION OF TITLE — CHATTEL MORTGAGES.

A contract for the sale of certain articles of furniture, in the form of a lease, containing none of the usual stipulations and agreements of a chattel mortgage, but providing that the vendor will, when the terms have been fulfilled, "convey a free and clear title of above articles to the lessee," *held*, to be a conditional sale contract; the intent being clear that title should not pass to the purchaser until the purchase price was paid in full.

Case-made from Wayne; Webster (Arthur), J. Submitted April 24, 1919. (Docket No. 101.) Decided July 17, 1919.

Replevin in justice's court by Owen & Company against Morris Keller for the possession of certain furniture. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Maurice D. Smilansky*, for appellant.

*William Van Dyke*, for appellee.

KUHN, J. This is a case-made, and the following is the agreed statement of facts:

"It is hereby agreed between the parties to this cause by their respective attorneys, that the following are the facts in above cause and the ruling of the justice court upon trial of above cause.

"The plaintiff was the owner of the articles of furniture described in the writ of replevin in the files of this cause and on November 1, 1918, delivered the goods described in said writ of replevin to one Andrew Korshemoff at his place of residence, 736 Grandy avenue, Detroit, Michigan, in pursuance of the following instrument, which was on said date and prior to said delivery, signed and executed by the said Owen & Co., and said Andrew Korshemoff, the latter at the time of the execution of the said instrument paying to said Owen & Company the sum of twenty-five ($25.00) dollars.

" 'LEASE.
" 'Nov. 1, 1918.

| | | |
|---|---|---|
| 4 | Kit. chairs | $7.00 |
| 1 | table | 16.75 |
| 1 | bed | 13.50 |
| 1 | spring | 9.75 |
| 1 | mattress | 7.50 |
| 1 | pr. pillows | 5.00 |
| 1 | dresser | 17.50 |
| 1 | dresser | 15.75 |
| 1 | Pluto hot blast | 36.00 |
| 1 | stove board | 1.50 |
| 1 | oil heater | 7.50 |

" 'I, the lessee, hereby rent from Owen & Co. the above goods on the following terms of rental: $25.00 for the first payment and not less than $6.00 every 2 wks. until paid when this lease expires.

" 'I agree to keep said goods in first-class condition, surrender possession of the same at the expiration thereof, whenever I am in default of rent, or shall remove said goods from my present address or otherwise endanger the interests of lessors, and to pay all legal or other expenses which said lessors may necessarily incur in regaining their possession of said goods.

" 'I agree to pay rent to lessors at Gratiot and Brush or 25 cents for collection when overdue.

" 'We, the lessors, agree that if at the end of the term of this lease, lessee has fulfilled above covenants to convey a free and clear title of above articles to the lessee.

" 'Rentals accepted after the term of this lease shall be considered by both parties hereto as only payments of arrearage hereon, and possession of above goods shall thereafter be only at will and pleasure of lessor; ..........discount on advance rentals.

" 'Sgd.  ANDREW KORSHEMOFF,<br>
" '736 Grandy Ave.<br>
" 'Sgd.  OWEN & CO.,<br>
" 'Per WALTER A. SMITH, Secy.

" 'Date 11/1/18.'

. "That said goods described in the foregoing instrument are the same goods described in the bill of replevin in this cause and recovered by plaintiff upon said writ of replevin.

"That thereafter no further payments were made by said Andrew Korshemoff to the said Owen & Co.

"That thereafter, in the month of December, 1918, the said Korshemoff sold said goods to the above defendant Morris Keller, a dealer in second-hand furniture, Detroit, Michigan, and said Korshemoff disappeared.

"That in January, 1919, said Owen & Company made due demand upon said Morris Keller for the said goods described in the foregoing instrument and in writ of replevin in this cause and said Morris Keller refused to give them up.

"That thereafter said Owen & Co., duly replevined said goods in justice court in the city of Detroit and the trial of the replevin cause came on before Theodore A. Richter, one of the justices of the peace thereof.

"That at the trial of the above, facts were duly proven and said justice of the peace thereupon rendered judgment in favor of the defendant and against the plaintiff for the return of the said goods to the defendant Morris Keller.

"That the sole ground upon which said justice of the peace rendered said judgment against the plaintiff in favor of the defendant was upon the authority of the case of *Young* v. *Phillips*, 202 Mich. 480, and the opinion on the rehearing thereof, 203 Mich. 566, said

justice of the peace holding that the foregoing instrument was a chattel mortgage and not a conditional sale; that plaintiff had parted with title and could not recover the goods in the hands of an innocent third party, in the event of not having recorded foregoing instrument.

"That the foregoing instrument had never been recorded.

"Said writ of replevin was as aforesaid issued December 27, 1918, in said justice court, and said judgment was rendered January 25, 1919; and the appeal duly and regularly perfected to this court on the 29th day of January, 1919.

"It is further agreed between the parties to above cause that this case shall be submitted upon the foregoing statement of facts upon the files and records of this cause, to the circuit court for the county of Wayne, without a jury, in accordance with statute in such case made and provided."

Upon the trial in the circuit court, the trial judge made the following findings of law:

"I find that plaintiff Owen & Co. retained title to the goods described in the writ of replevin and in agreed statement of facts and that title was in Owen & Co. when it instituted this replevin action.

"I find that the instrument entitled 'Lease,' set forth on page 2 of the agreed statement of facts was a conditional sale contract in which Owen & Co. was the vendor and Andrew Korshemoff, the vendee, and that title in said contract was retained absolutely in the vendor and not simply for security or by way of pledge."

KUHN, J. (after stating the facts). The sole question before us on this review is whether or not the instrument set forth in the agreed statement of facts is a pure conditional sale contract reserving title in the vendor, or is it an absolute sale reserving a lien by way of security, that is, a chattel mortgage? It is admitted on both sides that this transaction was not a lease. One paragraph of the instrument provides:

"We, the lessors, agree that if at the end of the term of this lease lessee has fulfilled above covenants, to convey a free and clear title of above articles to the lessee."

This seems to clearly indicate an intent that the title shall not pass to the purchaser until the amount at which the articles were valued on the face of the instrument has been paid in full. The agreement also clearly indicates that the purchaser is to have possession of the goods in the first instance, but provides that the seller may retake same when payments are in default or goods have been removed from location to which delivered, without vendor's consent, etc. None of the usual stipulations and agreements of a chattel mortgage are incorporated in the instrument. There is no stipulation that the vendor may sue for the amount due under the contract and yet retain title until the judgment is paid in full. If, instead of retaking the goods in case of default, the vendor elected to sue for the amount due under the contract, he would thereby, under the doctrine of *Button* v. *Trader*, 75 Mich. 295, vest the absolute title in the purchaser. In our opinion, there is nothing in the contract in question which, under the tests outlined in *Young* v. *Phillips*, 202 Mich. 480, and 203 Mich. 566, would make it anything in effect but the simplest form of a conditional sale contract, complicated by no inconsistent provisions whatever.

The judgment of the circuit court is therefore affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.