### In re ROBINSON MACH. CO.

### Petition of C. E. FALES MACHINERY CO.

(District Court, E. D. Michigan, S. D. August 27, 1920.)

No. 4256.

Bankruptcy ⬤140(1)—"Conditional sale" distinguished from "absolute sale with retention of title as security."

A contract of sale of machinery to bankrupt for use, providing that deferred payments should be evidenced by notes and that the machinery should remain the property of seller until fully paid for, with the right to retake possession on any default, where the notes were retained by seller, *held*, under the law of Michigan, a contract of conditional sale, and not one of absolute sale with retention of title as security, and on bankruptcy of purchaser before payment seller *held* entitled to reclaim the property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Absolute Sale; Conditional Sale.]

In Bankruptcy. In the matter of the Robinson Machine Company, bankrupt. On review of order of referee denying petition of the C. E. Fales Machinery Company for reclamation of property. Reversed and remanded.

R. E. Hofelich, of Detroit, Mich., for petitioner.

Clark, Emmons, Bryant, Klein & Brown, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition to review an order of the referee denying the petition of the C. E. Fales Machinery Company for reclamation of certain machinery furnished by it to the bankrupt under a contract, the proper construction and effect of which are the subjects of the present controversy. The contract was as follows:

"Detroit, Michigan, April 12, 1918.

"Subject to strikes, accidents, or other delays beyond our control, please furnish the following machinery, delivered f. o. b. our factory about April 12, 1918.

"One 20″ improved Steptoe back-geared crank shaper, with regular equipment.

"For which we agree to pay nine hundred and twenty-five and no/100 dollars.

"In case payment is divided, to be made as follows, the deferred payments to be evidenced by notes bearing date of shipment and interest:

"$200.00 cash payment.

"$300.00 two months note.

"$425.00 three months note.

"The above-described property shall be kept and used at Ecorse, in Wayne county, state of Michigan, and it is agreed that title to said property shall remain in C. E. Fales Machinery Company until fully paid for in cash, and that this contract is not modified or added to by any agreement not expressly stated herein, and that a retention of the property forwarded, after 30 days from its arrival at destination shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and a fulfillment of all its contracts of warranty express or implied. It is further agreed that the purchaser shall keep the property fully insured for the benefit of the C. E. Fales Machinery Company, that said machinery shall not become a fixture to any realty on account of being annexed thereto, and that the rental value thereof is one hundred and fifty dollars per month, and which said sum the undersigned hereby agrees to pay to said C. E. Fales Machinery Company, and in case default is made in the payment of one or more of the aforesaid notes or sums of money this contract shall, at the option of C. E. Fales Machinery Company, be forfeited and determined, and C. E. Fales Machinery Company shall have the right to take away said machinery.        [Signed]    Robinson Machine Co.,

"By A. Robinson, Pres.

"Accepted by              C. E. Fales Machinery Co.,

"By R. E. Merriam."

The property referred to in said contract was delivered to, and has remained in the possession of, the bankrupt and of its trustee in bankruptcy. It was not furnished for resale. The notes mentioned in the contract, and executed and delivered by the bankrupt to the petitioner, were promissory notes in the usual form, dated with the date of said contract. The amount due and unpaid at the time of filing the reclamation petition was $244,88. The notes were not transferred and the

rights of no third persons have intervened. The instrument was not filed as chattel mortgages are by law required to be filed.

Upon the hearing on said petition the referee was of the opinion that the transaction consisted of an absolute sale with reservation of title as security only, and that the contract was, in its real nature and effect, a chattel mortgage, and, because not filed as required by law, void as to certain creditors of the bankrupt. He therefore denied the petition for reclamation.

If it was the understanding and the intention of the parties to this contract in making it that the vendor should have the right to sue for the purchase price of property the title to which had passed, and should have the right, at the same time, to retain title to such property, then this instrument evidences, in legal effect, an absolute sale, with retention of title only as security for the payment of the purchase price—that is, an absolute sale with a chattel mortgage back from the purchaser; and in that event, as such instrument was not filed as required by the Michigan statute applicable to chattel mortgages and instruments intended to operate as such (section 11939, Michigan Compiled Laws of 1915), the referee was correct in holding it void as to creditors, and in denying reclamation thereunder. If, on the other hand, the real intent of the parties, as expressed in this contract, was that the title to this property should actually and absolutely remain in the vendor until the payment of the purchase price agreed on, the contract represented a pure conditional sale; the condition precedent to the passing of title being the payment of such price, and, in the meantime, the vendor holding the legal title and being entitled to reclaim possession in accordance with the terms of the contract. Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079; Young v. Phillips, 202 Mich. 480, 168 N. W. 549; Id., 203 Mich. 566, 169 N. W. 822; Owen & Co. v. Keller, 206 Mich. 555, 173 N. W. 343; In re American Steel Supply Syndicate, Inc. (D. C.) 256 Fed. 876, and cases there cited.

The referee apparently based his decision on the conclusion that the provision in the contract, to the effect that the deferred payments were to be evidenced by interest-bearing notes, itself indicated such an intent and agreement as created an absolute sale with retention of title merely as security. I am unable to agree with this conclusion. In the absence of any negotiation of the note, and with no resulting prejudice to the rights of innocent third persons, I find no inconsistency between the provisions that "in case payment is divided, to be made as follows, the deferred payments to be evidenced by notes," and the condition, following the provision just quoted, that "the above-described property shall be kept and used at Ecorse, in Wayne county, state of Michigan, and it is agreed that title to said property shall remain in C. E. Fales Machinery Company until fully paid for in cash."

The mere receipt of a promissory note by the vendor under a contract of sale does not amount to the payment or extinguishment of the debt for the purchase price, unless it is shown that such note was, by agreement between the parties, to operate as such payment or extinguishment. A. Leschen & Sons Rope Co. v. Mayflower Gold Mining & Reduction Co., 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 1.

No evidence to that effect is disclosed by the record in the present case, and I am of the opinion that the clear provision that the "deferred payments" under the contract were "to be evidenced by notes" does not indicate an intention that the vendor shall have the right to sue for the purchase price as such (necessarily on the theory that the title had passed), while at the same time assuming to reserve such title, and therefore it seems clear that such provision does not render the contract one of absolute sale with retention of title only as security for payment of the purchase price. Thirlby v. Rainbow, 93 Mich. 164, 53 N. W. 159; Pettyplace v. Groton Bridge & Mfg. Co., 103 Mich. 155, 61 N. W. 266; Atkinson v. Japink, supra; Monitor Drill Co. v. Mercer, 163 Fed. 943, 90 C. C. A. 303, 20 L. R. A. (N. S.) 1065, 16 Ann. Cas. 214.

Considering all of the language in this contract, including the clause already considered, and the recitals that "title to said property shall remain in C. E. Fales Machinery Company until fully paid for in cash," that "said machinery shall not become a fixture to any realty on account of being annexed thereto," and that "the rental value thereof is one hundred and fifty dollars per month, which said sum the [vendee] hereby agrees to pay to said [vendor]," and bearing in mind the absence of language authorizing the vendor to retain the title until payment of any judgment for the purchase price, I reach the conclusion that this transaction constituted a purely conditional sale, with complete reservation of title in the vendor until performance of the condition precedent attached to such sale, namely, payment of the purchase price in full in cash, and not an absolute sale, with a so-called retention of title in the seller as security for the payment of the purchase price of property, the title to which had passed by such sale to the vendee.

It follows that the petitioner is entitled to the reclamation sought, and the order of the referee denying such reclamation must be, and is, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.