NATIONAL CASH REGISTER CO. *v.* PAUL.

1. CHATTEL MORTGAGES—CONDITIONAL SALE—CASH REGISTER.

A contract for a cash register "for which undersigned agrees to pay you $550 in 22 monthly payments of $25," attached to which was an affidavit recited to be "in behalf of the purchaser," and the note for the payment of which was an absolute promise to pay, was in its nature a chattel mortgage, although title was reserved in the vendor until payment of the purchase price and taxes, evidently with the intent of giving the vendor the option of treating it as a chattel mortgage or a conditional sale.

2. SAME—VOID AS AGAINST BONA FIDE PURCHASER.

Where said contract was not recorded as a chattel mortgage, it was void as against a purchaser from the vendee for a valuable consideration without notice of the terms and conditions of the contract of sale, although the vendee had never paid anything on said contract.

Error to Wayne; Webster (Arthur), J. Submitted February 2, 1921. (Docket No. 134.) Decided March 30, 1921.

Replevin by the National Cash Register Company against Ralph C. Paul for the possession of a cash register. Judgment for plaintiff. Defendant brings error. Reversed.

*Clark, Emmons, Bryant, Klein & Brown* (*Bela J. Lincoln,* of counsel), for appellant.

*Joslyn & Perry,* for appellee.

STONE, J. This case is before this court on writ of error by defendant, to review a judgment for the plaintiff in an action of replevin to recover the

possession of a certain cash register. The case was tried at the circuit by the court upon the following agreed statement of facts.

"*First:* On April 4, A. D. 1919, the National Cash Register Company agreed to sell to M. L. Lasley, under a certain so-called Conditional Sale Contract, cash register No. 852 E. L. 1672409 for five hundred fifty dollars ($550.00), payable in monthly installments; that said cash register was delivered to the said M. L. Lasley by the said the National Cash Register Company.

"*Second:* That the contract between the said the National Cash Register Company and the said M. L. Lasley was in the words and figures as follows:

" 'City, Detroit, County, Wayne, State, Michigan. The National Cash Register Company, Dayton, Ohio, date April 14, 1919. Please manufacture. and ship freight prepaid, to 23 E. Elizabeth St., Detroit City, Wayne County, Michigan State, or to the nearest railroad station, 23 E. Elizabeth St. one of your No. 852 E. L. 1672409 registers    *    *    *   for which undersigned agrees to pay you as follows:   $550 in 22 monthly payments of $25, undersigned to give you his promissory note for $550 payable in similar payments as collateral security for such payment. Five per cent. discount allowed for cash settlement on arrival of register, but no discount allowed on credit for exchange registers, or on autographic registers. Upon refusal of undersigned to accept the register when tendered, or to make any cash payment, or to execute and deliver the note, or make any payment provided for therein; you, or any person authorized by you, if you so elect, may immediately repossess the register, and retain, as rental for use of said register, all payments theretofore made. Should the register get out of order from ordinary use within one year from shipment, you will, without charge, repair it, provided undersigned pays the transportation charges on it to and from the factory, or nearest agency able to make repairs, or traveling expenses of repairman. Undersigned to pay for any repairs made without authorization, and to pay all taxes on the register, and in event of default, to reimburse the company to full extent of taxes paid by it. The register shall remain your property until the price is paid in full. I hereby authorize Edw. T. Kelley to make and annex hereto in my behalf the affidavit hereto attached relative to the consideration recited

herein.   This contract covers all agreements between the parties,.
and shall not be countermanded.

(Sign here.)    "'M. L. LASLEY,

" 'This contract filled with register No. 842 E. L. 1672409.

" 'E. T. Kelley, Sales Agent.

" 'E. T. Kelley, Closing Salesman.

" 'E. T. K. No. 5 Salesman Credited.

" 'The State of Michigan,  }
County of Wayne,            } ss.

" 'Edward T. Kelley being first duly sworn, deposes and says
that he is making this affidavit in behalf of the purchaser in
the attached instrument at such purchaser's request; that he
has knowledge of the facts, and that the same was given in good
faith for the purpose therein set forth.

" 'EDWARD T. KELLEY.

" 'Sworn to before me and subscribed in my presence this 14th
day of April, 1919.

" 'RALPH W. THOMPSON,

" 'Notary· Public, Wayne County.

" 'My commission expires Feb. 10, 1923.'

*"Third:* That the said contract so entered into was
not recorded as a chattel mortgage, or otherwise, and
that Lasley never paid anything on the contract,
although he received the register.

*"Fourth:* That on May 20, A. D. 1919, M. L. Lasley
sold the said cash register to Ralph C. Paul, the
defendant herein, for a valuable consideration the said
Ralph C. Paul having no notice of the terms and con-
ditions of the contract of sale.

*"Fifth:* That the said Paul refused upon demand to
deliver the said register to the National Cash Register
Company, and that the National Cash Register
Company replevined the said register, and now has
it in its possession.

*Sixth:* That the damages of the National Cash
Register Company, because of the unlawful detention
of said cash register, is the sum of one hundred
dollars ($100.00).

*"Seventh:* Promissory note.

" 'City of Detroit, County of Wayne, State of Michigan.

" 'Date April 14th, 1919.

" For value received I promise to pay to the order of the
National Cash Register Company, five hundred fifty dollars

($550.00) at Dayton, Ohio, in monthly payments, payable as below:

   1 month after date   $25.00

   2 months after date   $25.00.

   3 months after date   $25.00, to and including 22 months after date.

"'It is agreed that default in the payment of any of the above payments shall, at the option of the holder hereof, render the unpaid balance of this note immediately due and payable. This note represents monthly payments only—not price of register.

        (Here style and register No.)

            (Sign here)   "'M. L. LASLEY.

"'General use except in Ark., Conn. and Ill.'"

The trial court found the facts as above stipulated, and the findings of law were as follows:

"1. I find the agreement set forth in paragraph second of the above stipulation to be a conditional sale agreement.

"2. I find that plaintiff is entitled to a return of the cash register in controversy, with one hundred dollars ($100.00) stipulated damages for the detention."

To which findings of law defendant duly excepted. Judgment for plaintiff in the usual form in replevin was entered.

By his assignments of error defendant avers that the court erred:

(1) In holding the agreement set forth in the stipulation of facts to be a conditional sale agreement, and not a chattel mortgage.

(2) In holding said agreement valid, as against this defendant, without recording as a chattel mortgage.

(3) In entering judgment for plaintiff upon the ground that the said agreement did not have to be recorded.

The sole question in this case is whether the instrument in question is a pure conditional sale contract, reserving title in the plaintiff, or is an absolute sale reserving a lien by way of security, that is, a chattel mortgage.

It is the claim of the defendant that the contract and promissory note amount to a chattel mortgage; that they do not evidence a pure conditional sale, and hence that the instrument should have been filed for record as provided by the statute relating to chattel mortgages, in order to be valid against this defendant. It is urged in argument by defendant that this court has held that it is the intention of the parties in such a case which must govern, that if the parties have, as a matter of fact, intended a security only, notwithstanding the fact that they have used the language of a pure conditional sale, the real intention of the parties will be given effect and the agreement held to constitute a chattel mortgage, and counsel cite as controlling the cases of *Young* v. *Phillips*, 202 Mich. 480, and same case on rehearing, 203 Mich. 566, and the cases there cited; also the earlier case of *Choate* v. *Stevens*, 116 Mich. 28 (43 L. R. A. 277), and the cases there cited.

A comparison of the contracts in the *Choate Case* and in the instant case is made, and their similarity shown. It is also pointed out by counsel for defendant that the contract provides that notwithstanding the default of the vendee, and the retaking of the register by the vendor, yet the vendee is to reimburse the vendor "to full extent of taxes paid by it" and the register is to remain the property of the vendor until the price named in the contract is paid in full, which without any question would be held to include such taxes. In other words, title is sought to be retained not only to secure the vendor in the payment of the purchase price, but as security for the reimbursement to it of any taxes which it may have paid on the register. It is said this would seem to be important in discovering the real intention of the parties. It is also pointed out that the contract also includes a provision authorizing the sales agent of the vendor to

make an affidavit annexed in behalf of the vendee, and attached to the contract, also, is such affidavit. Why, it is asked, is that affidavit attached to this contract and why was it so careful to provide an authority in the vendor's sales agent to execute such affidavit? The inclusion of such a provision, and such an affidavit, it is said, is utterly foreign to a conditional sale contract, and it is urged that it should be taken into consideration by the court, with the other circumstances, in arriving at the real intention of the parties when the contract was made. It is said that another significant fact is, that the promissory note which was given by Lasley does not contain a reservation of title, but is an absolute unconditional obligation. It is urged with much force that if the promissory note constitutes an absolute debt, then the title to the property vests in the vendee; and in view of the fact that the promissory note was wholly without condition, and did not contain the reservation of title, it was therefore an absolute unconditional obligation, that is, an absolute debt, and title to the property passed to the vendee at the time of the execution of the instrument.

On the other hand it is the claim of the plaintiff that the case is one of conditional sale pure and simple, and that the judgment of the circuit court was correct, and should be affirmed, and the following cases are cited in support of the claim: *Dewes Brewery Co.* v. *Merritt*, 82 Mich. 198 (9 L. R. A. 270); *Thirlby* v. *Rainbow*, 93 Mich. 164; *Wright* v. *Traver*, 73 Mich. 493 (3 L. R. A. 50); *Bunday* v. *Columbus Machine Co.*, 143 Mich. 10 (5 L. R. A. [N. S.] 475); *Atkinson* v. *Japink*, 186 Mich. 335; *Toledo Scale Co.* v. *Gogo*, 186 Mich. 442 (Ann. Cas. 1917E, 601); *Owen & Co.* v. *Keller*, 206 Mich. 555.

It is said by counsel for plaintiff that the instant case is "on all fours" with the opinion in the *Gogo*

*Case.* We have examined these cases and do not think them controlling here. We have examined the agreement in the *Gogo Case,* and find that it differs from the agreement in the instant case in many particulars. For instance, in that case the agreement contained the following significant clause:

"The undersigned shall hold said scale at his own risk pending the vesting of title in him and no injury, loss or destruction of same shall release him from this absolute obligation to pay said purchase price."

In the recent case of *Luce v. Stott Realty Co.,* 201 Mich. 587, we looked into the contract and accompanying papers, and the surrounding circumstances, to determine the nature of the agreement, and held that the transaction amounted to a sale, with reservation of the title as security for the indebtedness. And we said:

"Whether a sale of personal property is absolute or conditional depends upon the contract of the parties. *Atkinson v. Japink, supra; Holcomb & Hoke Manfg. Co. v. Cataldo,* 199 Mich. 265. In the above cited cases we held that title was retained in the property for security merely.   *   *   *

"As was said in *Chicago Railway Equipment Co. v. Merchant's Bank,* 136 U. S. 268, 280 (10 Sup. Ct. 999):   *   *   *

" 'The fact that, by agreement, the title is to remain in the vendor of personal property until the notes for the price are paid, does not necessarily import that the transaction was a conditional sale.'

"See, also, *Harkness v. Russell,* 118 U. S. 663 (7 Sup. Ct. 51)."

In the instant case there are present the elements of a bill of sale, with notes as collateral security as in the case of *Young v. Phillips, supra.* Lasley gave an order for the manufacture and shipment to him of a cash register "for which undersigned agrees to pay you $550 in 22 monthly payments of $25." This is

not the language of a bailment, but of a purchase. Add to this the clause relating to the affidavit, "in behalf of the purchaser," and the fact that the notes were absolute promises to pay and we have the "earmarks" of an absolute sale. It is true that we find present in this contract not only an evident attempt to make an absolute sale, but at the same time an attempt to put the transaction in the form of a conditional sale, so that the vendor can take either position. In other words, an attempt "to ride with the hunter and run with the hounds." But taking the entire contract and proceeding into consideration we are of the opinion that we have a case of chattel mortgage, and not of conditional sale. As this court said in *People* v. *Newman*, 99 Mich. 148:

"The retention of the title to the thing sold until paid for is not unusual where a purchase and sale are actually intended."

Counsel for plaintiff quote the language of this court in the *Keller Case*. We invite attention to the agreement in that case. It was a lease, and nowhere can be found any words of bargain and sale, and is thus clearly distinguished from the instant case. We are of opinion that judgment should have been entered for the defendant, for the reasons here stated.

The judgment of the circuit court is reversed, and a new trial granted, with costs to appellant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.