### Petition of NATIONAL CASH REGISTER CO.

### In re NADER.

(Circuit Court of Appeals, Sixth Circuit.   October 3, 1922.)

#### No. 3663.

**Chattel mortgages ⊛⟾6—Instrument held conditional sale, not chattel mortgage.**

A contract, under which a cash register was sold, *held* a conditional sale, and not a chattel mortgage, though an absolute negotiable promissory note was given for the price, and buyer agreed to pay the taxes and make reimbursements for any taxes assessed against seller.

Petition to Revise an order of the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

In the matter of the bankruptcy of Aboud Nader. Petition by the National Cash Register Company to revise an order of the District Court (276 Fed. 123). Order set aside.

Lee E. Joslyn, of Detroit, Mich. (Joslyn, Perry & Joslyn, of Detroit, Mich., on the brief), for petitioner.

Martin J. Wanamaker, of Detroit, Mich., for respondent.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. In August, 1920, the National Cash Register Company and the bankrupt executed a contract which is copied in the margin.[1]   In accordance therewith the cash register was

[1] The National Cash Register Company, Dayton, Ohio: Date Aug. 25, 1920. Please manufacture and ship, freight prepaid, to 1736 E. Forest St., Detroit City, Wayne County, Mich., state, or to the nearest railroad sta-

delivered to Nader in September, and he gave his negotiable promissory note therefor, payable in nine monthly installments of $15 each. Three of these had been paid at the time of bankruptcy. The question is whether the contract was truly one of conditional sale, or should be treated as showing an absolute sale with a reservation of title by way of security.

This question has given rise to much difficulty and confusion. It was last considered by this court, in a case from Michigan, in Smith v. Carulkin, 259 Fed. 51, 170 C. C. A. 51, and by the District Court in Michigan in Re Robinson Machine Co., 268 Fed. 165. The recent Michigan cases, by the application of which the question must be decided, are Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079, Toledo Co. v. Gogo, 186 Mich. 442, 152 N. W. 1046, Ann. Cas. 1917E, 601, Young v. Phillips, 202 Mich. 480, 168 N. W. 549, Id., 203 Mich. 566, 169 N. W. 822, and National Co. v. Paul, 213 Mich. 609, 182 N. W. 44, 17 A. L. R. 1416.

It is clear that the present contract is a conditional sale, under every suggested test, unless for the possible effect of one or both of these circumstances: (a) An absolute negotiable promissory note was given for the price; (b) the vendee agreed to pay the taxes and to reimburse the vendor for any taxes assessed against it. A brief study of the Michigan cases is advisable to ascertain, if possible, the applicable criterion.

The Japink and Gogo Cases were decided on the same day and should be considered together. The transaction with Gogo was decided to be a conditional sale; the Japink opinion concludes that the contract there involved was a reservation of security. The controlling circumstance in the latter case clearly was (186 Mich. 336, 152 N. W. 1079), that the notes provided that in case of default the property might be taken and sold, and the amount received be indorsed on the note, plainly implying that the balance would remain payable, and

tion, Detroit, Mich., one of your No. 730 registers, mahogany finish, denomination of keys—for use on—counter, novelty business, for which undersigned agrees to pay you one hundred fifty dollars ($150.00) as follows: $15 cash; $——— cash on arrival of register; $135 in nine monthly payments of $15, and of $———; undersigned to give you his promissory note for $135 payable in similar payments, as collateral security for such payment. Five per cent. discount for cash settlement on arrival of register, but no discount allowed on credit for exchange registers, or on autographic registers. Upon refusal of undersigned to accept the register when tendered, or to make any cash payment, or to execute and deliver the note or make any payment provided for therein, you, or any person authorized by you, if you so elect, may immediately repossess the register, and retain as rental for use of said register, all payments theretofore made. Should the register get out of order from ordinary use within one year from shipment, you will without charge repair it, provided undersigned pays the transportation charges on it to and from the factory, or nearest agency able to make the repairs, or traveling expenses of repairman. Undersigned to pay for any repairs made without your authorization, and to pay all taxes on the register, and, in event of default, to reimburse the company to full extent of taxes paid by it. The register shall remain your property until the price is paid in full. This contract covers all agreements between the parties and shall not be countermanded.                                    Aboud Nader.

showing that there was an absolute debt, with security. Neither one of those cases decides, or intimates, that the mere giving of a negotiable note by the vendee stamps the transaction as an absolute sale, in the face of an express reservation of title. In the Gogo Case, the contract provided for the giving of such a note, even if it never was separately given, and in the Japink Case, 186 Mich. 338, 152 N. W. 1079, the court recites approvingly the earlier cases expressly holding that the giving of notes for deferred payments is not controlling.

The Japink Case, in view of its approval in this respect by the second opinion in the Phillips Case, should be taken as declaring the rule of interpretation that, when the contract provides that the debt may be sued upon and put in judgment before the title finally vests, the reservation of title must be considered as merely by way of security; and the converse seems to follow, that when there is no such provision, nor one for applying the property pro tanto on the debt, the debt is extinguished by a retaking of the article and we have a pure conditional sale. Probably in such case the sale of the note as a separate entity from the sale contract, thus putting it out of the vendor's power to restore the status quo on a reclamation, would work an end of the reservation and vest title in the vendee.

It is true that the giving of a note discloses a "right to maintain an action to recover the debt," but it does not create that right; a suit may be brought and a judgment recovered upon the usual promise to pay contained in a most typical conditional sale contract. Hence the court in the Phillips Case could not have intended to say (203 Mich. 569, 169 N. W. 822) that the mere existence of the right to sue for the debt was inconsistent with a true conditional sale; a more careful formulation of the test is found on page 570 of 203 Mich., on page 823 of 169 N. W., where it is referred to as "giving a right of action to recover the debt without passing title." The existence of this latter right is determinative of the character of the instrument, because that right is inconsistent with a perfect continuing reservation of title in the vendor, and it is inconsistent, because the absolute right to reclaim the property and thus destroy the debt, and the absolute right to get and collect a judgment for that same debt, cannot both exist together. This was decided in Button v. Trader, 75 Mich. 295, 42 N. W. 834, and hence it resulted that the taking of judgment was a waiver or abandonment of the title reservation. To avoid this result these contracts were made to declare expressly that the title was reserved until the debt, or any judgment therefor, was paid. Such contracts were good (Fuller v. Byrne, 102 Mich. 461, 60 N. W. 980), though it was not at first observed, as it was later developed in the Japink Case, that their validity must stand on the theory of a title reserved merely by way of a lien, and which, thus characterized, would not be inconsistent with the collection of the whole debt at all events.

We cannot see that the present case is distinguishable from the Gogo Case on its facts, with the single exception that the promissory note was there treated as a part of the same document as the original contract; but the suit was between the original parties, and whether the

note was separate or upon the same paper could hardly be important in determining whether the sale was absolute or conditional.[2]

If the giving of a negotiable promissory note had been a determining factor stamping the transaction as an absolute sale, a holding to this effect would have been the natural and easy solution of the Japink Case; but in view of the frequent earlier decisions in Michigan to the contrary, and the approval of these decisions by the Japink Case, and the lack of any reason why the contract promise to pay and the note promise to pay should have different effect, we cannot think we should treat the taking of the note as a controlling thing.

In the Phillips Case there was in the contract an express provision that judgment might be taken on the debt and the judgment collected in full before the reservation of title became ineffective. It is the natural inference from the rehearing opinion that this was the controlling thing in the case. The contract provided for the giving of notes, but that feature was thought of so little importance that it does not even appear whether they were ever given.

This brings us to the Paul Case. That was a suit by the same vendor as the present case, and based upon a contract which was identical with this one, with one exception. The laws of Michigan provide (C. L. Mich. 1915, § 11988) that every chattel mortgage or conveyance of personalty by way of security for a debt shall be accompanied by the affidavit of the mortgagor to the effect that the recited consideration, in good faith, passed from the mortgagee to the mortgagor. There is no such provision as to conditional sales. Obviously, when the parties comply with this provision and attach such affidavit, they declare that they consider themselves as giving and receiving a mortgage or security upon property owned by the mortgagor, rather than as creating a bailment.

In the Paul Case, the instrument expressly provided for this affidavit, and it was attached. When the court came to consider the character of the instrument, it did not refer to the test which the Phillips Case had declared the decisive one. According to that test, the Paul instrument was a conditional sale. The court pronounced it an absolute sale with a reservation by way of security, and seemingly drew this inference as a composite one from three conditions: One was the providing for and the existence of the mortgagor's affidavit, to which we have referred; another was the giving of the promissory note, which we have already seen had been frequently decided not to be controlling; the third was the presence of a provision that the vendee should pay the taxes and reimburse the mortgagor for any taxes assessed against it. Plainly this tax provision has no tendency to indicate that the title has passed to the vendee; it would be equally appropriate wherever the legal title was.

_____
[2] We do not overlook that in the Gogo Case there was a provision that Gogo must pay the price, even if the article was lost or destroyed, and that this was commented on in the Paul Case, 213 Mich. 615, 182 N. W. 44, 17 A. L. R. 1416; but this provision seems to us to have no tendency to mark the contract as either one of conditional sale or one of security. It is equally appropriate to either. If it has any tendency, it is to show an absolute title, with security, and hence there was in this particular of the Gogo Case less reason than there is here for finding a conditional sale.

We cannot escape the conclusion that, according to the settled law of Michigan in 1920, as the same was declared in the Japink, Gogo, and Phillips Cases, the Paul contract would have disclosed a conditional sale, excepting for the effect of the provision regarding the affidavit. We therefore must infer either that the presence of this provision formed the real ratio decidendi of the Paul opinion, or else that the court intended to overrule the earlier cases. Clearly the former inference is the proper one for us to draw.

From these circumstances it follows that the contract now involved should have been construed as a mere conditional sale, and therefore as valid without recording. Hence we have found it unnecessary to consider the effect of the stipulated fact that both parties intended the title should not pass.

The bankruptcy court will be directed to set aside the order under review and enter one in accordance with this opinion. The petitioner will recover costs.