## In re TYRRELL.

### Petition of FORD SALES CO.

(District Court, E. D. Michigan, N. D. December 11, 1922.)

#### No. 1103.

Chattel mortgages ⬤6—Contract held one of conditional sale.

A promissory note reciting that it was given in part payment for an automobile, that absolute title remained in the payee until full payment; it being understood that the transaction was one of pure conditional sale, and that in case of default the automobile might be retaken and any payments made retained as stipulated damages and for use of the automobile, the note not having been transferred, *held* to evidence a conditional sale, and not an absolute sale with retention of title as security, as respects necessity for filing as a chattel mortgage under Comp. Laws Mich. 1915, § 11988.

In Bankruptcy. In the matter of Clarence O. Tyrrell, bankrupt. On review of order of referee denying petition of the Ford Sales Company for reclamation of property. Reversed and remanded.

Coumans & Gaffney, of Bay City, Mich., for trustee.

Roy E. Brownell, of Flint, Mich., for petitioner.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy denying a petition of the Ford Sales Company, a Michigan corporation, for the reclamation of a Ford tractor and plow furnished by it to the bankrupt previous to the filing of the involuntary petition in bankruptcy on which he was adjudicated a bankrupt herein, under a written contract, the correct construction of which contract involves the only question now presented to this court.

The facts are not in dispute. On March 25, 1921, the petitioner delivered to the bankrupt the property just mentioned under and pursuant to the aforesaid contract, which was executed by the bankrupt at the time of such delivery. This contract is not claimed to have been transferred or negotiated by the petitioner. It was not filed for record in any public office. The bankruptcy of the vendee having followed and the latter being in default under such contract, petitioner filed its petition with the referee for the reclamation of said property, which petition was denied by the referee, on the ground that the contract referred to indicated an intention on the part of the parties thereto to make an absolute sale, with so-called retention of title by way of se-

───────────────

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

curity only, and that therefore, as such contract had not been filed for record, it was void under the Michigan statute (section 11988, Michigan Compiled Laws of 1915), requiring the filing of such an instrument intended to operate as a chattel mortgage. Whether the referee properly construed the contract in this respect is, as already stated, the sole question presented.

The agreement involved is in the form of a promissory note, and is in full as follows:

"$710.00. Flint, Michigan, March 25, 1921.

"On or before three months after date, for value received, I promise to pay to the order of Ford Sales Company, a Michigan corporation, the sum of seven hundred ten dollars at the office of said corporation at Flint, Michigan, in installments of ———— dollars or more, on the ———— day of each and every month hereafter until the full sum hereunder has been paid, with interest at 7 per cent. per annum.

"This note is given in evidence of part of the purchase price of one Ford automobile, style Tractor and plow car, motor number 166046, and in consideration of the acceptance of this note by the payee hereof, and the delivery of said automobile to the undersigned, receipt of which automobile is hereby acknowledged, the undersigned agrees as follows:

"That the absolute title to said automobile shall and does remain in the payee hereof, its successors and assigns, until this note with interest is fully paid in accordance with the terms hereof, it being distinctly understood that the whole transaction of which the giving of this note is a part is a pure conditional sale; that the undersigned will safely keep and carefully use said automobile at 1816 North street, Genesee county, Michigan, and not remove said automobile from the county of Genesee; to insure and keep insured said automobile against loss or damage by fire or theft for an amount and in such company as the holder of this note may direct, and make the loss, if any, payable to the holder of this note; to make any and all repairs on said automobile which may be necessary to keep same in as good condition as it now is, necessary use and wear excepted; to keep said automobile free and clear of liens of every kind and nature; to be liable for any damage which may occur to said automobile by reason of theft, fire, accident, neglect, and for the safe keeping thereof; to exhibit said automobile to the holder of this note whenever and as often as requested so to do; not to remove any of the accessories or parts from said automobile; nor to lease, attempt to mortgage or sell said automobile or any part thereof or interest therein; that time is of the essence of this contract, and that in the event of any default in any payment at the time and place herein stipulated or breach of any agreement herein contained, then in that case the full balance due hereunder shall become immediately due without notice to anyone, and the holder of this note may retake said automobile without legal process or demand, and all payments of principal and interest which shall have been made on this note shall belong to and be retained by the holder of this note as stipulated damages for breach of this contract and for the use or the injury to said automobile.

"Clarence O. Tyrrell,
"Address, 1816 North St.

"Telephone, ———."

After careful examination and consideration of the contract, I am of the opinion that the latter evidences a pure conditional sale, and that the referee erred in his conclusion to the contrary. In the case of In re Robinson Machine Co., 268 Fed. 165, this court had occasion to construe a contract substantially similar to the present one. The contract in the case provided for the furnishing of certain machinery delivered f. o. b. the factory of the vendee, for which the latter expressly agreed to pay a certain sum named. It was agreed that the deferred

payments were to be evidenced by notes bearing interest and due several months after date, respectively. It was further provided that title to said machinery should remain in the vendor, until full payment in cash; that the "purchaser" should keep the property fully insured for the benefit of the vendor; and that, if default should be made in the payment of any of the notes, the contract should, at the option of the vendor, be forfeited and determined, and the latter should have the right to reclaim the property. Default having been made by the vendee, the vendor filed its reclamation petition to recover such property, which petition was denied by the referee on the same ground as in the present case. On petition for review of such order this court, among other things, said:

"If it was the understanding and the intention of the parties to this contract in making it that the vendor should have the right to sue for the purchase price of property the title to which had passed, and should have the right, at the same time, to retain title to such property, then this instrument evidences, in legal effect, an absolute sale, with retention of title only as security for the payment of the purchase price—that is, an absolute sale with a chattel mortgage back from the purchaser; and in that event, as such instrument was not filed as required by the Michigan statute applicable to chattel mortgages and instruments intended to operate as such (section 11988, Michigan Compiled Laws of 1915), the referee was correct in holding it void as to creditors, and in denying reclamation thereunder. If, on the other hand, the real intent of the parties, as expressed in this contract, was that the title to his property should actually and absolutely remain in the vendor until the payment of the purchase price agreed on, the contract represented a pure conditional sale; the condition precedent to the passing of title being the payment of such price, and, in the meantime, the vendor holding the legal title and being entitled to reclaim possession in accordance with the terms of the contract. Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079; Young v. Phillips, 202 Mich. 480, 168 N. W. 549; Id., 203 Mich. 566, 169 N. W. 822; Owen & Co. v. Keller, 206 Mich. 555, 173 N. W. 343; In re American Steel Supply Syndicate, Inc. (D. C.) 256 Fed. 876, and cases there cited.

"The referee apparently based his decision on the conclusion that the provision in the contract, to the effect that the deferred payments were to be evidenced by interest-bearing notes, itself indicated such an intent and agreement as created an absolute sale with retention of title merely as security. I am unable to agree with this conclusion. In the absence of any negotiation of the note, and with no resulting prejudice to the rights of innocent third persons, I find no inconsistency between the provisions that 'in case payment is divided, to be made as follows, the deferred payments to be evidenced by notes,' and the condition, following the provision just quoted, that 'the above-described property shall be kept and used at Ecorse, in Wayne county, state of Michigan, and it is agreed that title to said property shall remain in C. E. Fales Machinery Company until fully paid for in cash.'

"The mere receipt of a promissory note by the vendor under a contract of sale does not amount to the payment or extinguishment of the debt for the purchase price, unless it is shown that such note was, by agreement between the parties, to operate as such payment or extinguishment. A. Leschen & Sons Rope Co. v. Mayflower Gold Mining & Reduction Co., 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 1. No evidence to that effect is disclosed by the record in the present case, and I am of the opinion that the clear provision that the 'deferred payments' under the contract were 'to be evidenced by notes' does not indicate an intention that the vendor shall have the right to sue for the purchase price as such (necessarily on the theory that the title had passed), while at the same time assuming to reserve such title, and therefore it seems clear that such provision does not render the contract one of absolute sale with retention of title only as security for payment of the purchase price. Thirlby v. Rainbow, 93 Mich. 164, 53 N. W. 159; Pettyplace v. Groton Bridge

& Mfg. Co., 103 Mich. 155, 61 N. W. 266; Atkinson v. Japink, supra; Monitor Drill Co. v. Mercer, 163 Fed. 943, 90 C. C. A. 303, 20 L. R. A. (N. S.) 1065, 16 Ann. Cas. 214.

"Considering all of the language in this contract, * * * and bearing in mind the absence of language authorizing the vendor to retain the title until payment of any judgment for the purchase price, I reach the conclusion that this transaction constituted a purely conditional sale, with complete reservation of title in the vendor until performance of the condition precedent attached to such sale, namely, payment of the purchase price in full in cash, and not an absolute sale, with a so-called retention of title in the seller as security for the payment of the purchase price of property, the title to which had passed by such sale to the vendee."

This language is, in my opinion, equally applicable to the contract here involved. While this contract is in the form of a promissory note, and the words "purchase price" are used therein, such form and words are as consistent with the idea of a conditional, as they are with an absolute, sale, In re Robinson Machine Co., supra, and cases there cited; In re Nader (C. C. A. 6) 283 Fed. 742, decided October 3, 1922. As was pointed out in the case last cited:

"A suit may be brought and a judgment recovered upon the usual promise to pay contained in a most typical conditional sale contract."

It will be noted that the parties to the present contract agreed therein that the transaction was "distinctly understood" to be "a pure conditional sale." The rights and duties of the vendee with respect to his possession, use, and disposition of the tractor and plow, were carefully, specifically, and comprehensively described and limited in a manner and to an extent which leaves no room to doubt that it was understood and agreed by both parties that the machinery should not become the property of such vendee until his payment to the vendor of the amount of the purchase price agreed to be paid as a condition precedent to the vesting of the title in the former. The rigid restrictions imposed upon the prospective purchaser with reference to the machine delivered to him clearly and unmistakably show that, until he had acquired title as a purchaser by performance of the condition on which the transfer of title to him was made to depend, his relation to the petitioner was that of a bailee to his bailor, and that the essential nature of the contract was that of a bailment, preceding and connected with a pure conditional sale of the subject of such bailment.

The order complained of must be set aside, and the cause remanded to the referee, for further proceedings consistent with the terms of this opinion; and an order will be entered accordingly.