## PEOPLE'S OUTFITTING CO. v. UNITED STATES.
### No. K–78.

Court of Claims.
May 2, 1932.

848

Lucien H. Mercier, of Washington, D. C. (Frank F. Nesbit, of Washington, D. C., on the brief), for plaintiff.

Bradley B. Gilman, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (James A. Cosgrove, of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

Plaintiff seeks to recover $2,468.27 excise taxes paid under the provisions of section 604 of the Revenue Act of 1924 (26 USCA § 886 note) which imposed an excise tax of 5 per cent. on sales of jewelry, real or imitation, precious and imitation stones, clocks, watches, etc. Section 604 was repealed by section 1200 of the Revenue Act of 1926. Of the amount for which suit is brought, $2,129.15 represents taxes paid on credit sales, the final installment of which was neither due nor paid prior to February 26, 1926. The remaining sum of $339.12 represents taxes paid on credit sales, the final installment of which had not been paid but was due prior to February 26, 1926. The theory of plaintiff's action is that the transactions in question were conditional sales, and that, as the final payment for the articles sold had not been made when the tax was repealed, no sales had been consummated at that time. This theory is in accord with the regulations of the department, if the transactions are found to be conditional sales. The defendant contends that the contract between the parties made the transaction a lease and not a sale, and that, under the provisions of the statute imposing a tax on the lease of articles, the fact that the final payment was not made is immaterial. The defendant also called attention to a regulation providing that in the case of lease, which includes a so-called conditional sale agreement purporting to be a lease, the tax attaches, notwithstanding full payment has not been made.

The defendant on its part presents a counterclaim for taxes alleged to have been due under the same provision, but of which plaintiff made no report, amounting to $223.35. Both plaintiff and defendant ask for interest on the sums respectively claimed to be due from the other party.

The evidence shows that the plaintiff was, at the time involved in the case, engaged in selling at retail on credit articles described in the section of the law referred to above. When the goods were transferred by the plaintiff to the other party (whom for convenience we shall call the vendee, although the term may not be strictly accurate), a contract was entered into between the parties evidencing the transaction. This contract is set forth in the findings and was entitled "lease." It recited, in substance, that the vendee leased certain goods which were described, the terms of the rental, and contained a further provision that if these covenants were fulfilled the plaintiff would convey title to the described property. The instrument does not specify to whom the property was to be conveyed, but presumably it was to the vendee.

The case turns upon the question of whether the contract executed between the parties is to be considered a lease, or whether it was in fact, when considered in the light of the intention of the parties and the construction that both placed upon it, a conditional sale. If the former, the transaction was taxable regardless of whether the payments provided by the contract had been completed; if the latter, then as we construe the law, if the payments had not been completed at the time the act which imposed the tax was repealed, no tax was due thereon. We think it is not necessary to enter into any extended discussion as to the nature of the contract. It was a Michigan contract, made in that state and to be performed therein. It was therefore subject to the laws of that state, and it is well settled that the federal courts will follow the rules laid down by the state Supreme Court in construing the statutes of the state for which it acts. Having so construed the contract, it becomes clear that the federal revenue act applies to the transaction.

It was very early held by the Supreme Court in Bank of United States v. Donnally, 8 Pet. 361, 8 L. Ed. 974, that the nature, validity, and interpretation of contracts are to be governed by the law of the country where the contracts are made or are to be performed, and this rule has always been followed by the federal courts. The Supreme Court of Michigan in the case of Owen & Co. v. Keller, 206 Mich. 555, 173 N. W. 343, which involved a contract identical with the one under consideration, held that such a contract is in effect a conditional sales contract and not a lease, and we are bound by this holding which we consider determines this point and makes it unnecessary to cite a large number of cases which support the ruling, or refer to some cases which may seem to hold to a contrary rule.

The defendant, however, contends that even if the contract be treated as one for a conditional sale it was taxable under the statute, notwithstanding the regulation to the contrary, which provided, in substance, that the tax only attached when the title to the article sold passed from the vendor to the purchaser, which in this case was only when final payment had been made. Under the directions of the Secretary of the Treasury, the Commissioner was authorized to make all needful rules and regulations to collect the tax imposed, and, as we see nothing in the regulation inconsistent with the statute or intent of Congress in passing the act, we think the regulation was valid. The same provision under which the tax is now imposed was contained in the 1918 and 1921 Revenue Acts. The 1924 Revenue Act made the tax apply also to cases where the same articles were leased, but we think the intention of Congress in adding the words "or leased" was to prevent any doubt or conflict where, under contracts of this nature, although fully completed, a claim was set up that the transaction was in fact merely a lease, and therefore not subject to the tax. If the regulation upon which the defendant relies is not in accordance with this construction of the statute, we think it was not authorized. It follows that plaintiff is entitled to recover on the cause of action stated in its petition.

With reference to defendant's counterclaim, we find that the evidence shows that, in examining the taxpayer's records of its installment sales, the government officials discovered that a number of sales subject to the tax under section 604 had never been reported by the plaintiff, and no tax paid on them. Plaintiff's employee, whose duty it was to prepare the returns, stated that she believed that sales of clocks and pearls were not taxable. On the blank used for the purpose of making the returns was a space for writing in the amount of the tax, which immediately followed on the same line the statement of the articles subject to the tax as "jewelry, real or imitation, precious and imitation stones, clocks, watches, etc." With these words staring her in the face, she inserted the amount of tax on the same line, and it is evident to us that the omission was intentional; but plaintiff says that no recovery can be had of the amount of which the government has thus been defrauded because of the statute of limitations. We cannot concur for two reasons:

■ First. It is true that a return was filed for each month involved in the case, but this was, as it seems to us, a combined return, for the tax was on each sale, not on the total sales for the month, and while the department, by presenting to the taxpayer these forms, directed that the returns should be combined or consolidated for the month, this was merely for convenience and did not change the law. We think, therefore, that there was no return made of the sales of these articles upon which it is agreed no tax was paid. If no return was made, the statute of limitations does not bar the counterclaim.

■ Second. We think the report made was a fraud on the government, as in our opinion it was made purposely and with intent to deceive and did deceive the government officials. For this reason also the statute of limitations does not operate as a bar.

The petition asks for judgment in the sum of $3,234.69, with interest thereon from October 9, 1926, but the findings show that plaintiff is not entitled in any event to recover more than $2,468.27, with interest as provided by law. Plaintiff in its brief claims only the last-named amount, and defendant concedes that plaintiff is entitled to recover this amount if entitled to recover anything. From this sum should be deducted the amount of defendant's counterclaim. No penalty is asked to be recovered by defendant, and therefore it can only be awarded the interest imposed by law upon delinquent taxes. This sum will be offset against the amount of plaintiff's recovery, and judgment rendered for the net amount due plaintiff.

Entry of judgment will be withheld, however, in order to give the parties in the case an opportunity to stipulate as to the amount of plaintiff's recovery in accordance with the foregoing opinion, and in event of the failure of the parties to agree the court will make the computation and enter judgment accordingly.

WHALEY, Judge, took no part in the decision of this case.