## PEOPLE'S OUTFITTING CO. v. UNITED STATES.
### No. K–78.

Court of Claims.
March 13, 1933.

For original opinion, see 58 F.(2d) 847.

Frank F. Nesbit, of Washington, D. C. (Lucien H. Mercier, of Washington, D. C., on the brief), for plaintiff.

James A. Cosgrove, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

PER CURIAM.

In this suit, which was instituted March 13, 1929, plaintiff sought to recover excise taxes alleged to have been overpaid on sales made by it during the period beginning with the month of July, 1924, to and including the month of January, 1926, on the ground that the tax never attached with respect to certain sales made during this period, the amount of which sales were included in the monthly returns filed and the tax paid thereon.

While the case was before a commissioner of this court, the defendant made an investigation through an internal revenue agent and on March 11, 1931, filed a counterclaim for a tax of $223.35 on taxable sales made between August, 1924, and December, 1925, which were not reported by plaintiff in its monthly returns and, also, for interest at 1 per cent. a month from the date such tax should have been paid to March 31, 1930, in the amount of $130.13 and for interest on such tax at 1 per cent. a month from April 1, 1930, until paid.

In its findings of fact and opinion published May 2, 1932, 58 F.(2d) 847, 851, the court held that the plaintiff was entitled to recover $2,468.27, being the total of the overpayments made during the period beginning with the month of July, 1924, to and including the month of January, 1926, against which it was directed by the court that the defendant's counterclaim for a tax of $223.35 on sales, amounting to $4,463.88, made during the period from August, 1924, to December, 1925, inclusive, be offset against the overpayments made by the plaintiff. In its aforesaid opinion the court withheld entry of judgment in order to give the parties an opportunity to stipulate the amount of plaintiff's recovery in accordance with the opinion and directed that "in event of the failure of the parties to agree the court will make the computation and enter judgment accordingly." The parties did not stipulate the amount due plaintiff under the court's findings and opinion, but on July 1, 1932, plaintiff filed a motion for judgment setting forth therein its computation of the overpayments plus interest due it after offsetting the amount of defendant's counterclaim and interest computed thereon.

September 8, 1932, counsel for the defendant filed a motion in opposition to plaintiff's motion for judgment on the sole ground that the matter should be held in abeyance by the court to enable the defendant to complete a further investigation for the purpose of determining whether or not additional amounts were due from plaintiff on account of unreported sales in addition to those disclosed in the prior investigation and included in the counterclaim theretofore filed, and to enable the defendant to determine whether it would move for leave to file an amended counterclaim.

October 10, 1932, the court, being of opinion that the defendant had had ample opportunity to prepare and present its case, entered judgment for the plaintiff for $3,100.62, with interest at the rate of six per cent. per annum from October 10, 1932, under section 615 (a), subd. (b), Revenue Act of 1928 (28 USCA § 284 (b).

December 9, 1932, defendant filed a motion for a new trial and for amendment of the judgment of October 10, 1932, and for leave to file an amended counterclaim as a result of an investigation subsequent to May 2, 1932, the date of the court's opinion. Upon

consideration of the motion for a new trial and for leave to file an amended counterclaim, the court is of opinion that the motion is not supported by proper grounds and it is accordingly overruled.

The defendant had between six and eight years to check plaintiff's records of sales made by it during the period from July, 1924, to January, 1926. The information upon which the defendant seeks to obtain a new trial and to file an amended counterclaim has been at all times available to it and could have been availed of before and during the trial of the case.

■ The defendant's motion for amendment of judgment entered October 10, 1932, is allowed in part and the judgment heretofore entered will be ordered vacated and set aside, for the reasons hereinafter stated.

Beginning with the month of August, 1924, to and including the month of February, 1926, plaintiff filed monthly excise tax returns showing the tax due on certain sales made during the preceding month. On each of these returns under the evidence of record and under the findings of the court it overpaid the tax due on sales made during the month for which the return was filed. The overpayments for each of the months beginning with July, 1924, to and including January, 1926, exceeded the tax due for such periods after deducting from such overpayments the tax due on sales not reported for the months of August, 1924, to December, 1925, for which the government filed its counterclaim. The net amount of the total monthly overpayments from July, 1924, to January, 1926, inclusive, under the court's findings, was $2,244.92. Inasmuch, therefore, as there was a net overpayment of tax for each monthly taxable period, the 1 per cent. interest a month provided by section 604 (d) of the Revenue Act of 1924 (26 USCA § 886 note) for failure to pay the amount of tax due did not attach and the plaintiff is only entitled to interest upon the excess of the tax paid for each month over the tax due for such period, together with such interest as is authorized by law from the date of the payment of such excess. Section 604 (d) of the Revenue Act of 1924 provides that, "If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 1 per centum a month from the time when the tax became due until paid." This provision has reference to the amount of tax due for each period and not the amount of tax separately computed upon each sale during the period. The 12 per cent. per annum interest is in the nature of a penalty for failure to pay the correct tax due and does not attach unless there has been an underpayment. In this case, therefore, the amount which should be included in the judgment is the monthly overpayments in excess of the correct tax shown by the evidence to be due, together with interest on such overpayments as provided by law.

Section 319 of Part II of the legislative appropriation act for the fiscal year 1933, approved June 30, 1932, fixing the rate of interest on overpayments of tax under certain circumstances at 4 per cent. per annum, was repealed as of the date of its enactment by section 14 of title II of the Treasury and Post Office Departments appropriation act approved March 3, 1933, as follows: "Section 319 of Part II of the Legislative Appropriation Act, fiscal year 1933, is repealed as of June 30, 1932; and the rate of interest to be allowed upon judgments against the United States and overpayments in respect of internal-revenue taxes shall be the rate applicable thereto prior to the enactment of section 319 of such Act."

The plaintiff is therefore entitled to interest at 6 per cent. per annum on the net monthly overpayments from the dates of payment to such date as the Commissioner of Internal Revenue may determine in accordance with section 177 (b) of the Judicial Code, being a part of the Revenue Act of 1928 (28 USCA § 284 (b). The total of the interest due on the net overpayments for the months of July, 1924, to January, 1926, inclusive, from the dates of the several overpayments to February, 1926, computed at 6 per cent. per annum, is $69.61, and the interest computed at the same rate on the total of the net overpayments for this period, in the amount of $2,244.92, from February 21, 1926, to March 13, 1933, the date of judgment herein, is $951.13. A corrected judgment will, therefore, be entered in favor of the plaintiff for $2,244.92 with interest at 6 per cent. per annum in the amount of $1,020.74 from the several dates of the monthly overpayments to March 13, 1933, and with interest at 6 per cent. per annum on the principal sum of $2,244.92 from the date of judgment to such date as the Commissioner of Internal Revenue may determine in accordance with the provisions of subsection (b) of section 177 of the Judicial Code, being a part of the Revenue Act of May 29, 1928.

Upon its own motion the court will also enter an order amending the findings of fact published May 2, 1932.

A conclusion of law and judgment will be entered in accordance with the findings of fact in this opinion. It is so ordered.