**CLARKSDALE RUBBER COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**No. DC6442.**

United States District Court
N. D. Mississippi,
Delta Division.

June 24, 1965.

Semmes Luckett, Clarksdale, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendant.

CLAYTON, District Judge.

This is a suit for the recovery of $15,-594.58, plus interest, paid by plaintiff as federal excise taxes on the transportation of property for shipments which occurred during the period July, 1952, through December, 1955. Plaintiff has filed a motion for summary judgment which is now before the court on affidavits and briefs of the parties. Rule 56, Federal Rules of Civil Procedure.

During the period with which we are concerned, the name of plaintiff corporation was Dismuke Tire and Rubber Company, Incorporated. It was engaged in the business of manufacturing rubber products. Another corporation transported products of the plaintiff. Plaintiff was billed for these transportation services and paid therefor. No tax was collected for these transportation services by the other corporation, nor was any tax return filed by the transporting corporation showing any liability on the part of taxpayer for the transportation taxes. On July 23, 1958, the transporting corporation demanded payment of the delinquent transportation taxes from the taxpayer at the time of the revenue agent's investigation with respect to these taxes.

The Commissioner of Internal Revenue determined that the taxpayer was liable for transportation excise taxes in the amount of $15,170.86, plus interest, for the periods in question, under section 3475 of the 1939 Internal Revenue Code and section 4271 of the 1954 Internal Revenue Code (26 U.S.C. §§ 3475 and 4271). An assessment was made on June 3, 1959, which plaintiff paid. Timely claims for refund were made and disallowed and this suit is based on those claims.

There are no disputed issues of fact. Plaintiff claims first that the assessment of the tax is barred by section 3312 of the 1939 Code and section 6501 of the 1954 Code (26 U.S.C. 1952 Ed. § 3312 and 26 U.S.C. 1958 Ed. § 6501). Secondly, plaintiff contends that it is not liable

for the payment of these taxes because of a release to plaintiff from the transportation corporation, of all claims, demands or causes of action.

Section 3475 of the 1939 Code and section 4271 of the 1954 Code, supra, imposed a three percent excise tax upon the amount paid for the transportation of property such as that apparently involved in the shipments here. The party making payment for shipment of his goods was liable for payment of the tax. The party furnishing the transportation was responsible for collecting the tax and and filing a tax return. The tax was not paid by plaintiff for the shipments involved and no return was filed by the transportation company showing tax liability on the part of plaintiff. There is no factual dispute with respect to this situation. The pertinent parts of the two statutes of limitation which are controlling here are very similar. Section 3312(b) states:

> In case . . . of a *failure to file a return* within the time required by law, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. (Emphasis added.)

Section 6501(c) states:

> In the case of *failure to file a return,* the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. (Emphasis added).

The plain language of these statutes and, apparently, all the other law is against plaintiff's contention. Where as here an excise tax return was not filed, the Court of Appeals for the Sixth Circuit in McDonald v. United States, 315 F.2d 796 (6th Cir. 1963), upheld the validity of an assessment and collection of an excise tax thirteen years after it first became due. The court, among other things, said:

Under the view we express, the door is open for the government to go back, without limit in time, and make assessments against citizens who honestly believed they had made all the returns and paid all the taxes that the law required . . . . The good faith of the taxpayer in failing to file a return cannot aid them here . . . . Statutes of limitations barring collection of taxes, liability for which did accrue, are strictly construed in favor of the government . . . and their applicability will not be presumed in the absence of clear congressional action . . . . The absence of any limitation, under the situation before us, may indeed visit unfair burdens and expense upon innocent taxpayers. If so, Congress can provide the needed remedy.

See also Cohan v. United States, 198 F.Supp. 591 (E.D.Mich.1961), and People's Outfitting Co. v. United States, 58 F.2d 847, 74 Ct.Cl. 419 (1932).

■■ Plaintiff would prevent the application of the above authorities to this case on the ground that the applicable period of limitation is not tolled except as to a *taxpayer* who does not file a return or who files a false and fraudulent return. Since plaintiff was not required to and did not file a return, it is now absolved, so plaintiff claims, of any tax liability. This question is implicit in the above cited cases and was there resolved against plaintiff's position here. Surely if, as the above cited authorities hold, the filing of a return by the carrier which fails to disclose the shipper's liability does not commence the statutory period of limitations to run on behalf of the shipper, it cannot be that the complete failure of either party to file any return whatever does cause the period to run. To hold otherwise would be to say that a taxpayer can escape liability to pay a tax to the government because of a mistake to file a return made by a third party.

The primary liability of plaintiff to pay the transportation taxes is clearly set forth in section 3475(c) of the 1939 Code, which says:

The tax imposed by this section shall be paid by the person making the payment subject to the tax.

Absent a showing that the tax has, in fact, been paid by plaintiff, liability for its payment cannot be avoided. Plaintiff's claims based on the statutes of limitation are unsound and cannot be permitted to prevail.

■ Turning now to plaintiff's claims based on the release to it from the transportation company, this release was executed in August, 1957, long after liability for the tax with which we are here concerned accrued. Plaintiff paid to the transportation company $7,197.17 for it. Nowhere does the release mention the taxes at issue here, which are in an amount more than twice as much as the sum paid by plaintiff to the transportation company for the release. Also it seems that the parties did not have in mind these taxes since on July 23, 1958, (nearly a year after the execution of the release) the transporting company made demand on plaintiff for the payment of these taxes. If in fact, plaintiff had actually paid to the transporting company these taxes at the time the shipments from which the taxes arose were made, plaintiff's position would be much stronger. However, it is without dispute that plaintiff never actually paid these taxes to the transporting company or to anyone else. Plaintiff does argue that payment resulted from the release given to it and that hence the government must proceed against the company who furnished the transportation and executed the release.

But, it is not necessary here to decide whether the release was intended to cover these taxes or not, since until *actual* payment is made *by the one liable for the tax,* either to the government or to its collecting agent (the carrier), the tax is unpaid and the government may look to the party originally liable for the tax.

Moreover, it must be noted that the government was not a party to the release contract and did not consent or agree to look to the carrier for its taxes. Thus, the agreement upon which plaintiff relies is not and could not be binding upon the government. It may well be that if, as plaintiff claims, the carrier agreed to pay the taxes, plaintiff may have a claim against the carrier. But that is a private matter between those parties and is of no concern to the United States or to this court in this case.

Plaintiff's motion for summary judgment is not well taken and an order will be entered to overrule and deny it.

■ Although defendant did not move for summary judgment, it is proper in the light of what has been said, to grant partial summary judgment [1] for defendant to the extent that there is no genuine issue of fact, reserving for trial the one remaining issue (not tendered by plaintiff's motion) as to whether taxable transportation service was actually rendered to plaintiff by the transporting company or carrier. In Volume 3, Barron & Holtzoff, Federal Practice and Procedure (Wright Ed. 1958) § 1239 page 178, it is said:

This rule makes no specific provision for a case in which the opposing party, and not the moving party, is entitled to summary judgment. It is usually held that since the purpose of this procedure is to expedite the disposition of cases, a summary judgment may be rendered against the party moving for judgment and in favor of the opposing party although the latter has made no cross-motion for judgment.

See also the authorities cited in footnote 82 of the quoted text.

Order will be entered in accordance with this opinion.

[1]. Rule 56(d), F.R.Civ.P.