**Jay JACKSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 66 C 489.

United States District Court
E. D. New York.

July 31, 1969.

Chase & Bierman, New York City, for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., Donald R. Anderson, Herbert Grossman, Attys., Department of Justice, Vincent T. McCarthy, U. S. Atty., for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff instituted this action, pursuant to Section 4241(a) of the Internal Revenue Code of 1954, to recover the sum of $383.83 and interest, assessed on May 28, 1965 and paid by him on June 3, 1965. The assessment was for excise tax on his club initiation fees for the last quarter of the calendar year of 1960. No return therefor was filed.

A return for membership dues was filed by the club and the required excise taxes therefor were paid. The said return made no reference to initiation fees.

The facts are undisputed. They were stipulated. The stipulation is marked Exhibit 1.

The sole issue presented is whether the assessment for excise tax on plaintiff's initiation fees, made pursuant to 26 U.S.C. 6501(a), was barred by the statute of limitations.

The plaintiff's principal contention is that initiation fees and membership dues are elements for the imposition of a single excise tax and that the filing of a return for the membership dues caused the statute to run as to the tax on initiation fees.

The defendant asserts that these taxes are divisible and said statute does not commence to run as to the excise tax on the club initiation fees until a return therefor is filed. Accordingly, the said tax may be assessed at any time.

It is important to ascertain whether excise taxes on membership dues and initiation fees are divisible and, therefore, constitute separate taxable transactions.

The law is clear that the tax on initiation fees is a divisible tax and that a return therefor must be filed before the statute may commence to run. See McDonald v. United States, 6 Cir., 315 F.2d 796. The Government relied on 26 U.S.C. 6501(c) (3):

"*No return.*—In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

In Clarksdale Rubber Company v. United States, D.C., 243 F.Supp. 465, the Court at page 467, after citing the said section, held in part:

"The plain language of these statutes and, apparently, all the other law is against plaintiff's contention. Where as here an excise tax return was not filed, the Court of Appeals for the Sixth Circuit in McDonald v. United States, 315 F.2d 796 (6th Cir. 1963), upheld the validity of an assessment and collection of an excise tax thirteen years after it first became due. The court, among other things, said: Under the view we express, the door is

open for the government to go back, without limit in time, and make assessments against citizens who honestly believed they had made all the returns and paid all the taxes that the law required. * * * The good faith of the taxpayer in failing to file a return cannot aid them here. * * * Statutes of limitations barring collection of taxes, liability for which did accrue, are strictly construed in favor of the government * * * and their applicability will not be presumed in the absence of clear congressional action. * * * The absence of any limitation, under the situation before us, may indeed visit unfair burdens and expense upon innocent taxpayers. If so, Congress can provide the needed remedy.

"See also Cohan v. United States, 198 F.Supp. 591 (E.D.Mich.1961), and People's Outfitting Co. v. United States, 58 F.2d 847, 74 Ct.Cl. 419 (1932)."

In accord is Hulette v. United States, 6 Cir., 315 F.2d 826.

■ Finally the Treasury Regulations provide that a social club or organization as here must collect such tax from its members and then pay it to the Collector of Internal Revenue. Furthermore, in the event a member refuses to pay such tax or if for any reason the tax cannot be collected from the member, this information should be reported to the Collector in order that direct assessment can be made against the member.

The Court has carefully considered all of the facts and the applicable law and it concludes that the tax liability of the plaintiff may not be avoided. The plaintiff's contention is unsound and untenable.

The complaint is dismissed, and judgment and costs granted in favor of the defendant.

Submit decree and findings on ten (10) days' notice.

Copies hereof have this day been forwarded to the attorneys for the parties.