**WARRIOR COAL MINING COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. Civ.A 4:97–CV–210–M.

United States District Court, W.D. Kentucky, Owensboro Division.

May 13, 1999.

James C. Hickey, MacKenzie & Peden, Louisville, KY, William A. MacKenzie, Jr., William A. MacKenzie, Riley, Bardenwerper & Schuhmann, Louisville, KY, for Warrior Coal Mining Company, plaintiff.

Candace G. Hill, AUSA, Michael Troop, U.S. Attorney, United States Attorney's Office, Louisville, KY, Darren D. Farfante, United States Department of Justice, Tax Division, Ben Franklin Station, Washington, DC, for United States of America, defendant.

### *AMENDED MEMORANDUM OPINION AND ORDER*

McKINLEY, District Judge.

This matter is before the Court on cross-motions for summary judgment [DN 18, DN 22] and on a motion by Plaintiff for a decision on pending motions [DN 27]. The Plaintiff seeks an order requiring the

United States to refund to Plaintiff coal excise tax assessments in the amount of $156,812.00, plus penalties in the amount of $31,362.00, and interest in the amount of $115,068.88 because the additional assessments are barred by the three-year statute of limitations. The Defendant maintains that Plaintiff is not entitled to the requested refund because the six-year statute of limitations applies making the assessments timely. The parties have filed a joint statement of stipulated facts. [DN 21]. Fully briefed, this matter is ripe for decision.

## I. FACTS

Plaintiff, Warrior Coal Mining Company, is a Kentucky corporation which is in the business of mining and selling coal in Hopkins County, Kentucky. At issue in this suit are the Plaintiff's Quarterly Federal Excise Tax Returns for the periods ending June 30, 1989, and December 31, 1989 through June 30, 1991 which were filed on the Internal Revenue Service's Form 720 Quarterly Federal Excise Tax Return. The Plaintiff underreported the federal coal excise tax due on underground mined coal on its Form 720 Quarterly Federal Excise Tax Returns for the periods ending December 31, 1989 through June 30, 1991, as a result of an alleged bookkeeping error.[1]

When Plaintiff became aware of the error, Plaintiff calculated $51,772.80 to be the net result of overpayments and underpayments of federal excise taxes for the periods from June 30, 1989 through September 30, 1993. Plaintiff made payment of this net underpayment to the Internal Revenue Service with its December 31, 1993 Form 720 Quarterly Federal Excise Tax Return. The Internal Revenue Service (hereinafter "IRS") audited Plaintiff's excise tax returns and made additional assessments of excise tax and penalties for the periods of June 30, 1989, and December 30, 1989 through June 30, 1991 as follows:

| Tax Period | Return Due Date | Additional Assessment Date | Additional Assessment | Penalty Assessed |
|---|---|---|---|---|
| 6/30/89 | 7/31/89 | 2/26/96 | $ 4,421.00 | $ 884.00 |
| 12/31/89 | 1/31/90 | 1/24/96 | $ 8,284.00 | $1,657.00 |
| 3/31/90 | 4/30/90 | 2/26/96 | $20,820.00 | $4,164.00 |
| 6/30/90 | 7/31/90 | 2/26/96 | $16,413.00 | $3,283.00 |
| 9/30/90 | 10/31/90 | 2/19/96 | $21,646.00 | $4,329.00 |
| 12/31/90 | 1/31/91 | 2/19/96 | $22,537.00 | $4,507.00 |
| 3/31/91 | 4/30/91 | 2/19/96 | $32,872.00 | $6,574.00 |
| 6/30/91 | 7/31/91 | 2/19/96 | $29,819.00 | $5,964.00 |

The IRS refunded to Plaintiff the $51,772.80 paid with the Form 720 Excise Tax Return for the period ending December 31, 1993. The additional assessments for

---

1. According to Plaintiff, in 1989, it had been doing surface mining only and the rate of $.55 per ton applied in computing coal excise tax. When Warrior Coal began in July of 1989 to mine coal by using the underground method, it was determined that the applicable rate for underground coal should be 4.4% of the sales price instead of a per ton rate as was being used for surface mined coal. Warrior Coal's bookkeeper computed the tax by mistakenly using the price per ton Warrior Coal paid its underground coal contract miner instead of Warrior Coal's own selling price. This resulted in underpayment of coal excise tax in some quarters and overpayment in others.

the periods ending December 31, 1989 through June 31, 1991 were all assessed within six years of the filing of the excise tax return.

Plaintiff paid all of the additional assessments of tax and penalty in the table set forth above, either through direct payments or the application of overpayments from other periods. On March 17, 1997, Plaintiff filed an administrative claim for refund with the IRS claiming a refund of $309,864.11 for the excise tax periods June 30, 1989, and December 31, 1989 through June 30, 1991. The IRS denied Plaintiff's administrative claim for refund. On October 24, 1997, Plaintiff filed this tax refund suit.

In its memorandum, the United States concedes that the Plaintiff is entitled to a refund of the additional assessment of federal excise tax paid for the period ending June 30, 1989, and for penalties and interest assessed for the tax that period. The United States also admits that the additional assessments for the quarters ending March 31, 1991, and June 30, 1991, should be reduced by the respective amounts of $5,969.45 and $4,786.55 due to transposition errors made by the Revenue Agent.

## II. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–

48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Since the Parties do not dispute the material facts in this case, summary judgment is an appropriate means of resolving the legal issues underlying this dispute.

## III. DISCUSSION

Warrior Coal asserts that it is entitled to a refund of coal excise tax payments of $156,812.60, penalty payments of $31,362.00, and interest payments of $155,068.88 because they were made with respect to additional assessments which were barred by the three-year statute of limitations pursuant to 26 U.S.C. § 6501(a). The United States disagrees arguing that the six-year statute of limitations under 26 U.S.C. § 6501(e) controls and therefore, the assessment of the additional excise taxes was timely.

Generally, the Internal Revenue Service is required to assess a tax within three years of the date the return is due. Title 26 U.S.C. § 6501(a) provides as follows:

> **(a) General rule.**—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

26 U.S.C. § 6501(a). This time period is extended in certain situations. In particular, 26 U.S.C. § 6501(e) provides in part as follows:

**(e) Substantial omission of items.**—Except as otherwise provided in subsection (c)—

. . . .

(3) **Excise taxes.**—In the case of a return of a tax imposed under a provision of subtitle D, if the return omits an amount of such tax properly includible thereon which exceeds 25 percent of the amount of such tax reported thereon, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return is filed. In determining the amount of tax omitted on a return, there shall not be taken into account any amount of tax imposed by chapter 41, 42, 43, or 44 which is omitted from the return if the transaction giving rise to such tax is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the existence and nature of such item.

26 U.S.C. § 6501(e)(3). Thus, the IRS may assess additional excise tax for each quarter pursuant to 26 U.S.C. § 6501(e)(3) if Warrior Coal omitted more than 25 percent of the excise tax due.

In calculating the percentage of excise tax omitted by Warrior Coal pursuant to § 6501(e)(3), Plaintiff maintains that all tax it paid each quarter on coal, whether it be underground-mined coal or surface-mined coal, should be included in determining the total amount of tax paid. According to Plaintiff, if all the tax is included in this calculation, it did not omit more than 25 percent of the coal excise tax due for any quarter in question, and did not trigger the six-year statute of limitations. Conversely, Defendant contends that the amount of tax paid by Plaintiff each quarter on underground-mined coal should be examined separately and independently from the tax paid on surface-mined coal, resulting in an omission by Warrior Coal of more than 25 percent of the excise tax due on underground-mined coal and triggering the six-year statute of limitations.

Therefore, the determination of which statute of limitations provision is applicable to this case depends on whether 26 U.S.C. § 4121 imposes two separate coal taxes, one on coal from surface mines and one on coal from underground mines. Title 26 U.S.C. § 4121 provides as follows:

§ 4121. Imposition of tax

(a) Tax imposed.—

(1) In general.—There is hereby imposed on coal from mines located in the United States sold by the producer, a tax equal to the rate per ton determined under subsection (b).

(2) Limitation on tax.—The amount of the tax imposed by paragraph (1) with respect to a ton of coal shall not exceed the applicable percentage (determined under subsection (b)) of the price at which such ton of coal is sold by the producer.

(b) Determination of rates and limitation on tax.—For purposes of subsection (a)—

(1) the rate of tax on coal from underground mines shall be $1.10,

(2) the rate of tax on coal from surface mines shall be $.55, and

(3) the applicable percentage shall be 4.4 percent.

26 U.S.C. § 4121(a), (b). As a result, if the Court finds that § 4121 imposes two separate excise taxes, the Court would then conclude that the Plaintiff omitted in excess of 25 percent of the amount of the underground-mined coal excise tax due, thereby triggering the application of the six-year statute of limitations under § 6501(e)(3). However, if the Court concludes that § 4121 creates only one excise tax, the Court would conclude that the Plaintiff has not omitted in excess of 25 percent of the amount of coal excise tax due, thereby retaining the general three-year statute of limitations under § 6501(a).[2]

---

**2.** As an example, the Court will consider the quarter ending 12/31/89. If the Court concludes that § 4121 imposes two separate taxes, Plaintiff would have omitted 52 percent of the excise tax due for the period ending 12/31/89, triggering the six-year statute of limitations for that quarter.

Plaintiff argues that § 4121 imposes one tax on coal from mines located in the United States with different rates of tax to be computed. Plaintiff maintains that a change in the rate of coal tax, from an underground mine to a surface mine, does not make it a separate tax any more than would the various rates of income tax change the income tax into separate taxes for the running of the statute of limitations.

Defendant disagrees arguing that § 4121(b) provides a separate excise tax for surface-mined coal and for underground-mined coal. Defendant maintains this is supported by the format of Form 720 in which the computation for underground-mined coal tax is located on one line of the form and the computation of the surface-mined coal tax is located on another line. According to Defendant, the fact that the two taxes are included on the same form is for the convenience of the taxpayers only. Defendant contends that the coal taxes remain separate and distinct and the requirements for filing and the limitations on assessment apply to each separately. In the alternative, the Defendant argues that notwithstanding the Court's decision with respect the creation of two separate taxes, § 6501(e)(3) must be interpreted to require a separate examination of each line item in the excise tax return. Accordingly, the United States argues that the Plaintiff omitted more than 25 percent of the excise tax on underground-mined coal, triggering the six year statute of limitations under § 6501(e)(3). Further, the United States avers that since the additional assessments were made within six years of the date the return was due, the assessments were valid and Plaintiff is not entitled to a refund.

■ After a review of the statutes, the regulations, and arguments of the parties, the Court concludes that 26 U.S.C. § 4121(a) clearly imposes a single excise tax upon coal taken from mines located in the United States that is subsequently sold by the producer of the coal. 26 U.S.C. § 4121(a); 26 C.F.R. § 48.4121–1(a). This tax is sometimes referred to as the Black Lung Excise Tax and was designed to shift the burden of black lung costs from the United States Treasury to coal producers. Contrary to Defendant's argument, § 4121(b) merely establishes the rate of tax. 26 C.F.R. § 48.4121–1(b). The rate of tax imposed varies depending on the mining procedure used to extract the coal. The tax rate is $.55 per ton of coal from surface mines and $1.10 per ton of coal from underground mines. 26 U.S.C. § 4121(b)(1), (2). However, the amount of tax imposed for each ton of coal may not exceed 4.4 percent of the price at which each ton is sold by the producer. 26 U.S.C. § 4121(b)(3). The treasury regulations recognize that a single mine could produce coal from both surface and underground mining and instructs that "the producers must determine the rate ... for each ton of coal mined." 26 C.F.R. § 48.4121–1(b)(2). Finally, an exemption from this tax exists—"the excise tax of coal does not apply to lignite or imported coal." 26 C.F.R. § 48.4121–1(c). *See also* 26 U.S.C.A. § 4121(c). While the Defen-

| Period Ending | Additional Assessment | Amount of Underground–Mined Coal Tax Reported | Percent Omitted | Due Date of Return | Date of Assessment |
|---|---|---|---|---|---|
| 12/31/89 | $8,284.00 | $15,920.24 | 52% | 1/31/90 | 1/24/96 |

However, if the concludes that § 4121 created only one coal excise tax, Plaintiff would have omitted only 5 percent of the coal excise tax due for the period ending 12/31/89, retaining the three-year statute of limitations.

| Period Ending | Additional Assessment | Amount of Coal Tax Reported | Percent Omitted | Due Date of Return | Date of Assessment |
|---|---|---|---|---|---|
| 12/31/89 | $8,284.00 | $165,758.17 | 5% | 1/31/90 | 1/24/96 |

dant discounts Plaintiff's reliance on Congress' use of the singular form of tax, instead of the plural when referring to § 4121, the Court finds it significant. Congress knew how to make two separate excise taxes if it had so desired, and yet it did not.

Furthermore, the Court rejects Defendant's argument that even if the Court determines that § 4121 only creates a single excise tax, § 6501(e)(3) still dictates an examination of each line of the excise tax return for the purpose of determining the percentage of tax omitted. The Defendant cites no case law in support of this argument. In fact, the reading of § 6501(e)(3) appears to contradict Defendant's argument: "In the case of a return of *a tax* imposed under [ *§ 4121* ], if the return omits an amount of *such tax* properly includible thereon which exceeds 25 percent of the amount of *such tax* reported thereon, the tax may be assessed ... at any time within 6 years after the return is filed." 26 U.S.C. § 6501(e)(3) (emphasis added). The fact that the IRS separates the coal excise tax by rate of tax in Form 720 has no bearing on this Court's interpretation of § 6501(e)(3).[3]

From a review of the statute and the corresponding regulations, it is clear to the Court that Congress created a single excise tax on coal with differing rates of tax imposed based upon the mining procedure used to extract the coal. Since the amount of coal excise tax omitted was less than 25 percent of the amount reported on each quarterly coal excise tax return, the three-year statute of limitations applies and the United States' assessment of additional taxes was untimely.

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that the motion by Defendant, the United States, for summary judgment [DN 22] is **denied.** The motion by Plaintiff, Warrior Coal Mining Company, for summary judgment [DN 18] is **granted.** The motion by Plaintiff, Warrior Coal, for a decision on pending motions [DN 27] is **granted. IT IS FURTHER ORDERED** that Plaintiff, Warrior Coal, is entitled to refund of coal excise tax payments in the amount of $156,821.60, penalty payments in the amount of $31,362.00, and interest payments in the amount of $115,068.88 because these additional assessments are barred by the three-year statute of limitations.

**THIS IS A FINAL AND APPEALABLE ORDER. THERE IS NO JUST CAUSE FOR DELAY.**

---

**3.** Defendant relies on *Sarkes Tarzian, Inc. v. United States,* 188 Ct.Cl. 766, 412 F.2d 1203 (1969) and *People's Outfitting Company v. United States,* 74 Ct.Cl. 419, 58 F.2d 847 (1932) for its contention that the excise tax from underground-mined coal and surface-mined coal must be assessed separately and independently and that the individual lines of an excise tax return are to be examined separately. The Court finds these two cases do not aid the Defendant's argument that § 4121 creates two separate coal excise taxes. The basic holding in these cases was that the failure to report a payment upon which an excise tax is due constitutes a failure to file a return, and the tax may be assessed at any time. The Court of Claims relied on Section 3312(b) of the Internal Revenue Code of 1939. The counterpart for that statute is § 6501(c)(3) of the current code which provides that "in the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." 26 U.S.C. § 6501(c)(3). In the present case there is no reliance by the United States on § 6501(c)(3). The question in this case is not whether the Plaintiff failed to file a return, the question is whether the inaccurate computation of the coal excise tax resulted in an omission exceeding 25 percent of the amount of such tax due.